**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CHRISTOPHER M. LAWRENCE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-00107 |
| I.Q. DATA INTERNATIONAL, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHRISTOPHER M. LAWRENCE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over the age-of-18, residing in Travis County, Texas, which lies within the Western District of Texas.

5.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6.   Defendant provides third party debt collection services.  Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028.   Defendant regularly collects upon consumers located within the State of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.    The instant action stems from Defendant's attempts to collect upon an outstanding balance of $191.00 that Plaintiff purportedly owes in connection with a residential apartment lease ("subject debt").

10.  In January 2020, Plaintiff began receiving calls from Defendant, who was seeking to collect upon the subject debt.

11.  During Plaintiff's initial conversation with Defendant, Plaintiff informed Defendant that he disputed owing the subject debt and that he would like to speak with his former landlord regarding the subject debt.

12.  Plaintiff attempted to reach his former landlord a number of times to no avail.

13.  At that point, Plaintiff contacted Defendant to inform it that he was unable to get ahold of his former landlord and that he needed additional time to address the subject debt.

14.  During this call, Defendant's representative was extremely rude and forceful with Plaintiff, despite the fact that Plaintiff was proactive in contacting Defendant to inform it of his efforts in addressing the subject debt.

15.  Plaintiff also spoke with one of Defendant's managers, who used aggressive language towards Plaintiff, and even threatened Plaintiff with reporting the debt on his credit and inhibiting Plaintiff's ability to purchase a home.

16.  Defendant's representative also threatened to add interest on the subject debt, despite the fact that Plaintiff disputed owing the subject debt.

17.  Moreover, Defendant mocked Plaintiff in response to his request for additional time, claiming that Plaintiff was making excuses, in spite of Plaintiff's clear efforts in addressing the subject debt.

18.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

19.  Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

20.  Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, undue anxiety and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 2007.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

27. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unwarranted attack on Plaintiff's character by insinuating that he was making excuses, despite the clear evidence showing that Plaintiff was doing everything he could to address the subject debt, including repeated and unanswered calls to his former landlord.

### b. Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

---

[1] https://www.acainternational.org/search#memberdirectory

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it attacked Plaintiff's character and sought to embarrass him. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff, who was innocently attempting to address the subject debt.

### c.   Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to use personal attacks to assault Plaintiff in its debt collection campaign. Any reasonable fact finder will conclude that Defendant's verbal assault was an unfair and unconscionable effort to collect upon the subject debt.

33. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTOPHER M. LAWRENCE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), states that "a debt collector may not oppress, harass, or abuse a person by using profane or obscene language intended to abuse unreasonably the hearer or reader[.]"

39. Defendant violated the TDCA by using personal attacks for the express purpose of abusing Plaintiff. By attacking Plaintiff's character and seeking to embarrass him, Defendant transparently attempted to harass Plaintiff into submission. Consequently, Defendant's debt collection practices violated the TDCA.

WHEREFORE, Plaintiff, CHRISTOPHER M. LAWRENCE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 30, 2020                                    Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Admitted in the Western District of Texas                 Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com